UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                    :
ADRIAN BARRIE SMITH,                            :

                          Plaintiff,             :          13 Civ. 4211 (JMF)

            -v-                       :          MEMORANDUM
                                             :          OPINION AND ORDER
JERRY SEINFELD, et al.,                          :

                        Defendants.        :

------------------------------------------------------------------------X

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:**_____
**DATE FILED:** 02/24/2014

JESSE M. FURMAN, United States District Judge:

    *Pro se* Plaintiff Adrian Barrie Smith is a self-described "Consultant who helps to find families Nannies and Housekeepers." (Compl. (Docket No. 1) 5). He is also no stranger to this Court. He has filed similar lawsuits against, among others, billionaire investor Leonard Blavatnik and his wife (14 Civ. 503); Cantor Fitzgerald Chief Executive Officer Howard Lutnick, along with his wife and manager (13 Civ. 4212); and billionaire hedge-fund manager Noam Gottesman (13 Civ. 3491). In addition, he filed a libel and slander lawsuit against business reporter Andrew Ross Sorkin and his employer, the *New York Times* (13 Civ. 5805), after they published an article about his litigious tendencies. *See* Andrew Ross Sorkin, *Headhunter For the Rich Turns on Them*, N.Y. Times, June 18, 2013, at B1, *available at* http://dealbook.nytimes.com/2013/06/17/headhunter-for-the-rich-turns-on-them/.

    In the instant action, Smith sues comedian Jerry Seinfeld, his wife Jessica Seinfeld, and their manager, Hal Petri, alleging violations of the Civil Rights Act of 1964. (Compl. at 1-2). Defendants move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Complaint for failing to state a claim upon which relief can be granted. (Docket No. 6).

Defendants also ask this Court to impose sanctions against Plaintiff. (*Id.*). For the reasons discussed below, the motion to dismiss is GRANTED and the motion for sanctions is DENIED.

## BACKGROUND

The following facts, which are taken from the Complaint, are assumed to be true for purposes of this motion. *See, e.g.*, *Hogan v. Fischer*, 738 F.3d 509, 512 (2d Cir. 2013). Plaintiff, through his limited liability company, UK Nanny LLC, helps families find domestic employees.[1] Petri engaged Smith's services to find the "best available Housekeeper in NYC for Jerry & Jessica Seinfeld." (Compl. 5). In accordance with Petri's wishes, Smith found three candidates and arranged for them to interview with Petri and Ms. Seinfeld. (*Id.*). After the interviews, Smith received a call from Petri expressing his displeasure — allegedly using profanity — with the individuals Smith had chosen. (*Id.*). According to Smith, Defendants rejected the three candidates for allegedly discriminatory reasons, including ethnicity and age. (*Id.*).

Although unacknowledged in the Complaint (but properly noticed by this Court, *see, e.g.*, *Gertskis*, 2013 WL 1148924, at *1), Plaintiff initially sued Mr. Seinfeld in connection with these events in New York City small claims court. *See Smith v. Seinfeld*, 975 N.Y.S.2d 712, 2013 WL 3199095 (N.Y.C. Civ. Ct. May 31, 2013) (Perala Decl. (Docket No. 8), Ex. 4 ("Decision")).[2] Specifically, Plaintiff filed two small-claims actions against Mr. Seinfeld in his own name and in

---

[1] Plaintiff conceded in a New York City Civil Court proceeding alleging similar claims against another defendant that neither he nor UK Nanny LLC is licensed to operate an employment agency, as required by N.Y. Gen. Bus. Law § 172, or exempt from such requirement. *See Smith v. Seinfeld*, 975 N.Y.S.2d 712, 2013 WL 3199095, at *2 (N.Y.C. Civ. Ct. May 31, 2013) (mem.) (Perala Decl. (Docket No. 8), Ex. 4, at 5); *see also Smith v. Blavatnik*, 963 N.Y.S.2d 816, 817 (N.Y.C. Civ. Ct. Aug. 31, 2011). In that action, the state court noted that Plaintiff's unlicensed status rendered any agreement he entered with his clients unenforceable by virtue of N.Y. C.P.L.R. 3015(e). *See Blavatnick*, 963 N.Y.S.2d at 817. The Court takes judicial notice of these facts. *See Gertskis v. U.S. Equal Emp't Opportunity Comm'n*, No. 11 Civ. 5830 (JMF), 2013 WL 1148924, at *1 (S.D.N.Y. Mar. 20, 2013).

[2] Smith is no stranger to state court either. (*See* Decision 6 n.2 (listing cases)).

the name of UK Nanny LLC.  (Decision 4).  To the extent relevant here, the suits sought $5000 in damages for lost income, "breach of agreement" and "discrimination against employee." (*Id.*). Smith declared that "AGE DISCRIMINATION . . . is a federal crime." (*Id.* at 5).  He also noted in his Statements of Claim that one of the housekeepers he had arranged to interview with Petri and Ms. Seinfeld was "[t]old she was too fat, and ugly!" (*Id.* at 4).  On summary judgment, the state court dismissed Plaintiff's claims "with prejudice." (*Id.* at 7).  The court noted that, if not for the fact that it lacked legal authority to do so, it would have imposed sanctions for Plaintiff's "frivolous conduct." (*Id.* at 6).

Approximately two weeks after the state court dismissal, Plaintiff filed the instant action. (*Compare* Decision 1, *with* Docket No. 1).  In his Complaint, he seeks damages for loss of income on the theory that Defendants violated the Civil Rights Act of 1964.  (Compl. 1-2).  In his opposition to Defendants' motion, Plaintiff states that he "ammend[s] [sic] the original claims" in his Complaint to allege a violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA").  (Pl.'s Opp'n (Docket No. 12) 1-2).

## LEGAL STANDARDS

A Rule 12(b)(6) motion challenges the sufficiency of the allegations in the complaint. *See ATSI Commnc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).  To survive such a motion, Plaintiff's complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  More specifically, the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  If the plaintiff has not "nudged

[his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

Plaintiff here proceeds *pro se*. Accordingly, his submission must be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam) (internal quotation marks omitted); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (stating that a court must "construe a *pro se* complaint liberally"). Nevertheless, the *pro se* Plaintiff is not excused from the normal rules of pleading, and "dismissal under Rule 12(b)(6) is proper if the complaint lacks an allegation regarding an element necessary to obtain relief." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal quotation marks and alteration omitted).

## DISCUSSION

Defendants move to dismiss on several grounds, including *res judicata*. The doctrine of *res judicata*, also known as claim preclusion, provides that final judgments bar duplicative actions "by the same parties or those in privity with them concerning 'the transaction, or series of connected transactions, out of which the [first] action arose.'" *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997) (quoting *Restatement (Second) of Judgments* § 24(1) (1982)). Under New York state law, which governs the preclusive effect of New York judgments, subsequent claims are barred if they "aris[e] out of the same factual grouping as an earlier litigated claim[,] even if the later claim is based on different legal theories or seeks dissimilar or additional relief." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). The doctrine extends to judgments rendered in small-claims court. *See, e.g.*, *Merrimack Mut. Fire Ins. Co. v. Alan Feldman Plumbing & Heating Corp.*, 961 N.Y.S.2d 183, 184 (2d Dep't 2013).

Here, *res judicata* plainly bars Plaintiff's claims.  First, the state court's opinion dismissing Plaintiff's claims "with prejudice" constitutes a final judgment on the merits.  *See, e.g.*, *Yonkers Contracting Co. v. Port Auth.-Hudson Corp.*, 93 N.Y.2d 375, 380 (1999).  Second, the state court action and this action are between "the same parties or those in privity with them," *Maharaj*, 128 F.3d at 97, as Ms. Seinfeld and Mr. Petri qualify as privies of Mr. Seinfeld, *see, e.g.*, *Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 367-68 (2d Cir. 1995) ("In its modern form, the principle of privity bars relitigation of the same cause of action against a new defendant known by a plaintiff at the time of the first suit where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion.").  Finally, the present claims plainly arise out of the same transaction or series of transactions out of which the state court action arose.  In fact, so similar are Plaintiff's claims here to those that he raised in the state court proceeding that this lawsuit serves as a ringing endorsement of the wisdom and fairness of the doctrine of *res judicata*.  Accordingly, Defendants' motion is granted, and Plaintiff's Complaint is dismissed, also with prejudice.[3]

As noted, Defendants also seek sanctions — in the form of an award of attorneys' fees and costs and a filing injunction prohibiting Plaintiff from reasserting his claims in a future lawsuit.  There are plainly strong arguments for imposing sanctions in this case — including, but not limited to, Plaintiff's lengthy history of litigation and the fact that he filed this lawsuit only weeks after a nearly identical suit was dismissed with prejudice as frivolous.  *See, e.g.*, *Soling v. New York State*, 804 F. Supp. 532, 538 (S.D.N.Y. 1992).  Indeed, were Plaintiff represented by

---

[3] The Court need not, and does not, reach Defendants' other arguments in favor of dismissal, except to note that if Plaintiff's suit were not barred by *res judicata* it would plainly be subject to dismissal on the ground that Defendants, as individuals, are not subject to suit under either the Civil Rights Act of 1964 or the ADEA.  *See, e.g.*, *Mabry v. Neighborhood Defender Serv.*, 769 F. Supp. 2d 381, 391 (S.D.N.Y. 2011).

counsel, sanctions would almost certainly be appropriate. But Defendants cite no legal authority in support of their request for sanctions and failed to file a separate motion, as required by Rule 11(c)(2) of the Federal Rules of Civil Procedure. *See Commins v. Habberstad BMW*, No. 11 Civ. 2419 (JFB), 2012 WL 956185, at *10 (E.D.N.Y. Mar. 20, 2012). In light of that, as well as Plaintiff's *pro se* status, the Court declines to impose sanctions. Nevertheless, Plaintiff is expressly warned that if he brings additional suits arising out of the events described in his Complaint in this case and the prior state court case, monetary and injunctive sanctions will indeed be issued. Moreover, in light of Plaintiff's history of filing meritless claims of the sort involved here, he is warned that further duplicative or frivolous litigation in this Court may result in an order barring him from filing new actions without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED and the motion for sanctions is DENIED. Plaintiff is denied leave to amend the Complaint because, among other things, amendment would be futile. *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 124-25 (2d Cir. 2011); *Bozeman v. Rochester Tel. Corp.*, 205 F.3d 1321, 1321 (2d Cir. 2000).

The Clerk of the Court is directed to close the case and to mail a copy of this Memorandum Opinion and Order to Plaintiff.

SO ORDERED.

Dated: February 24, 2014
      New York, New York

_____
JESSE M. FURMAN
United States District Judge